# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| **JULIA CASAS** § | |
| § | |
| § | **CIVIL ACTION NO. _____** |
| **VS.** § | |
| § | **JURY DEMANDED** |
| § | |
| **ALLSTATE INSURANCE COMPANY** § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE INSURANCE COMPANY, and pursuant to Rule 15, Federal Rules of Civil Procedure, and 28 U.S.C. Sections 1441 and 1332, files this its Notice of Removal and in connection therewith would respectfully show the Court the following:

### I.
### BACKGROUND

Petitioner is the Defendant in a civil action now pending in the County Court at Law No. 5, Hidalgo County, Texas, Cause Number CL-15-3007-E, styled ***Julia Casas v. Allstate Insurance Company***, wherein Plaintiff seeks monetary relief for property damage, and alleged violations of the Texas Insurance Code.

### II.
### BASIS FOR REMOVAL

The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties, in that the Defendant is diverse in citizenship from the Plaintiff.

### III.
### DIVERSITY IN CITIZENSHIP

The Plaintiff, Julia Casas, is domiciled in Hidalgo County, in the State of Texas, and was

domiciled there at the time this action was commenced. Plaintiff was at that time and is now a citizen of the State of Texas.

Allstate Insurance Company, the Defendant, is a corporation incorporated under the laws of the State of Illinois, having its principal place of business now and at the time this action was commenced at Northbrook, Cook County, in the State of Illinois. Defendant is now, and was at the time this action was commenced, a citizen of the State of Illinois and of no other state.

Accordingly, diversity of citizenship exists among the parties.

## IV.
## AMOUNT IN CONTROVERSY

The amount in controversy in this action exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00). Plaintiff claims she seeks monetary damages of $75,000.00 or less, including penalties, costs, expenses, pre-judgment interest and attorney's fees. See Paragraph I of Plaintiff's Original Petition. However, Plaintiff did not file a binding stipulation of damages.

Should Plaintiff prevail on the claims against Defendant stated in the Plaintiff's Original Petition, attached to this Notice, Plaintiff would be entitled to damages in excess of Seventy-Five Thousand Dollars ($75,000.00). The applicable policy provides dwelling limits of $88,125.00, other structures limits of $4,407.00 and contents coverage of $26,438.00. See declarations page attached as Exhibit A. Additionally, Plaintiff presented a pre-suit demand seeking $105,709.00. At that time, attorney's fees were $21,141.80. See attached Exhibit B. In addition to policy benefits, Plaintiff seeks statutory and extra-contractual damages and attorney's fees. Accordingly, considering all damages Plaintiff would be entitled to, should she prevail, and Plaintiff's pre-suit demand and petition, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

## V.

Removal of this action is proper under 28 U.S.C. §1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. §1332 because the Plaintiff and Defendant are diverse in citizenship and the amount in controversy exceeds $75,000.00.

## VI.

This notice of removal is being filed within thirty (30) days after receipt by Petitioner of Plaintiff's Original Petition, which was the first notice to Defendant of this lawsuit. This removal is filed under 28 U.S.C. Section 1446(b).

## VII.

Petitioner's time to answer or remove with respect to the Plaintiff's Original Petition has not expired. Plaintiff's Original Petition was served on the Defendant Allstate Texas Lloyds on September 14, 2015.

## VIII.

This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. Section 1331 and this action may be removed to this Court by Petitioner, pursuant to the provisions of 28 U.S.C. Section 1441. Copies of all pleadings including the docket sheet on file with the State Court are attached hereto.

WHEREFORE, ALLSTATE TEXAS LLOYDS, Defendant in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. §1446, removes this action for trial from the County Court at Law No. 5, Hidalgo County, Texas to this Court, on this 14th day of October, 2015.

Respectfully submitted,

BY:     /s/ *Rosemary Conrad-Sandoval*
Rosemary Conrad-Sandoval

Attorney-in-charge
State Bar #04709300
Federal ID #13738
R. Jordan Riley
State Bar #17161700
Federal ID #1503

Of Counsel
ROERIG, OLIVEIRA & FISHER, L.L.P.
10225 North 10th Street
McAllen, Texas   78504
(956) 393-6300
(956) 386-1625 (Fax)

ATTORNEYS FOR DEFENDANT

## VERIFICATION

THE STATE OF TEXAS     :
                                          :
COUNTY OF HIDALGO  :

I, ROSEMARY CONRAD-SANDOVAL, being first duly sworn, depose and say that: I am counsel for Petitioner, ALLSTATE TEXAS LLOYDS; I am familiar with the contents of the above; and to the best of my knowledge the contents thereof are true and correct.

*[signature]*
ROSEMARY CONRAD-SANDOVAL

SUBSCRIBED AND SWORN TO BEFORE ME by the said ROSEMARY CONRAD-SANDOVAL, this 14th day of October, 2015, to certify which witness my hand and seal of office.

*[signature]*
Notary Public, State of Texas

*[Notary seal: APRIL BURNER, NOTARY PUBLIC, State of Texas, Comm. Exp. 03/30/2017]*

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Removal has been mailed, Certified Mail, Return Receipt Requested, to the Attorney for Plaintiffs, as follows:

Krystal E. Garza
V. GONZALEZ & ASSOCIATES, P.C.
121 N. 10th St.
McAllen, Texas 78501

on this 14th day of October, 2015.

                                                /s/ *Rosemary Conrad-Sandoval*
                                              ROSEMARY CONRAD-SANDOVAL